### STOCKWELL et al. v. HAMM.

No. 20696. Opinion Filed Jan. 26, 1932.

Emery A. Foster, for plaintiffs in error.

Rittenhouse, Lee, Webster & Rittenhouse, for defendant in error.

HEFNER, J. This is an action brought in the district court of Lincoln county by W. F. Hamm against F. M. and Cora A. Stockwell to recover damages because of alleged false and fraudulent representations made by defendants in connection with a real estate transaction.

Plaintiff alleges that on the 6th day of April, 1920, in consideration of the sum of $1,300, he purchased from defendants a 15-acre tract of land in the southeast quarter of section 3, township 13 north, range 5 east, in Lincoln county, Okla. That defendants represented that the entire quarter section was incumbered only to the extent of $1,000 and that Leland C. Newman, who had purchased a 40-acre tract thereof, had assumed and agreed to pay the entire mortgage and that the 15-acre tract purchased by plaintiff was free from all incumbrances. Plaintiff further alleged that the representations were false; that they were made by defendants with knowledge of their falsity and made by them with the purpose and intent to deceive. That in truth the quarter section was mortgaged for the sum of $4,000. Plaintiff further claims that on the 12th day of June, 1922, the holder of the mortgage brought an action to foreclose it, which resulted in a decree of foreclosure and sale of the entire quarter section, thereby causing him to lose the entire purchase price thereof, together with the value of certain improvements placed thereon and taxes paid by him, and prayed judgment against defendants for the sum of $2,124.86.

Defendants demurred to the petition on the ground, among other things, that plaintiff's cause of action was barred by the statute of limitations, and that the allegations of the petition were insufficient to toll the statute. The trial court overruled the demurrer. This ruling is assigned as error by defendants. It will be observed that the petition alleges that the representations were made and the land purchased April 6, 1920. The action was not brought until September 13, 1924. The petition contains no sufficient allegations to toll the statute, nor does the evidence supply this omission. At the conclusion of plaintiff's evidence, defendants moved for a directed verdict on the ground that the evidence was insufficient to take the case to the jury on the question of fraud and for the further reason that the wrong kind of action was brought. The motion was, by the court, overruled, and at the conclusion of the evidence, judgment was rendered in favor of plaintiff.

Defendants urge that their demurrer to the petition and motion for a directed verdict should have been sustained. With this contention we agree. Under subdivision 3, section 185, C. O. S. 1921, a cause of action founded upon fraud is barred if not brought within two years after discovery of the fraud. Plaintiff in his petition alleges and by his evidence establishes that suit was instituted to foreclose the mortgage on June 12, 1922. The action was brought September 30, 1924. Under plaintiff's allegation and evidence, he certainly must have discovered the fraud when the action was brought to foreclose the mortgage. The action, not having been brought within two years after discovery of the alleged fraud, was barred by limitation.

Plaintiff says that the action should be tried as one for recovery of damages because of a breach of the covenant against incumbrances. No such cause of action is alleged by him in his petition. There is no allegation contained therein that defendants covenanted against incumbrances, nor that such covenant was breached by them, nor that plaintiff was damaged because of such breach. A copy of the deed was not attached to his petition. The cause of action as stated in his petition is founded entirely on fraud and deceit, and does not contain the allegations necessary to plead a cause of action for breach of a covenant against incumbrances.

Plaintiff also says that the defendants proceeded at the trial on the theory that the action was one to recover on breach of warranty and that the case was tried in the trial court on that theory and that they cannot, in this court, change their position. The record does not bear out this contention. Defendants demurred to the petition on the ground that it failed to state a cause of action for breach of warranty and at the conclusion of plaintiff's evidence moved for a directed verdict on the ground that the evidence was insufficient to take the case to the jury on the ground of fraud and for the further reason that plaintiff brought the wrong kind of action. This motion was renewed by them at the close of all the evidence. It will thus be seen that the defendants insisted throughout the trial that plaintiff's cause of action was founded upon fraud and that the petition wholly failed to state a cause of action for breach of covenant against incumbrances.

The record further discloses that the case was tried on the theory that plaintiff's cause of action was founded on fraud and deceit. This is the only issue submitted by the court to the jury. The issue as to breach of warranty was not submitted. The measure of damages in the two classes of actions is different. The measure of damages for breach of covenant against incumbrances is fixed by the statute and was not submitted to the jury. The jury was instructed that, in the event it found that defendants made the representations as alleged and that they were false and made with the intent to deceive, the verdict should be for the plaintiff for the amount of the purchase price paid by him together with taxes and the value of the improvements placed on the land. In our opinion the record sustains the contention of defendants that plaintiff's cause of action is founded on fraud and deceit and that it is barred by the statute of limitations. The deed was only

mentioned incidentally by defendants in the trial. They denied that they made the representations claimed by plaintiff and alleged and offered proof to the effect that no representations were made by them except such as were written in the deed. We think this was insufficient to raise the issue as to the question of breach of warranty. If a recovery is to be had on that theory, the plaintiff should plead such a cause of action and the jury should be instructed as to the law applicable thereto.

Judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., absent. ANDREWS, J., not participating.